[Cite as *Schuerman v. Eastwood Local School Dist.*, 2016-Ohio-846.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| Victor Schuerman, et al. | Court of Appeals No. WD-15-044 |
| Appellants | Trial Court No. 2015CV0234 |
| v. | |
| Board of Education, Eastwood Local School District, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided:  March 4, 2016 |

* * * * *

Andrew R. Mayle, Jeremiah S. Ray, and Ronald J. Mayle,
for appellants.

Jessica K. Philemond and William R. Creedon, for appellees,
Eastwood Local School District, Superintendent William B.
Welker, and Treasurer David Michel.

Michael DeWine, Ohio Attorney General, Jordan S. Berman,
and James D. Miller, Assistant Attorney Generals for
appellee, Ohio School Facilities Commission.

Quintin F. Lindsmith, for appellee, Buckeye Leasing Services.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from a decision of the Wood County Court of Common Pleas wherein the court granted appellees' motion to dismiss pursuant to Civ. R. 12(B)(6). For the reasons that follow, we affirm.

{¶ 2} Appellants, Victor Schuerman, Eileen Schuerman and, Karl Offerman, ("appellants") are Wood County residents, voters and taxpayers who reside within the Eastwood Local School District. Appellees are the Board of Education, Eastwood Local School District, William B. Welker, district superintendent, David Michel, district treasurer, Ohio School Facilities Commission ("OSFC") and, Buckeye Leasing Services ("appellees").

{¶ 3} This matter stems from appellees' desire to construct a new, consolidated pre-kindergarten through fifth grade school while demolishing three existing school buildings in the district. Twice the district sought voter approval for the issuance of bonds to fund the project. Twice the voters rejected the request.

{¶ 4} The district then entered into an agreement with OSFC, a state administrative agency, to construct a new school. R.C. 3318.30 created the OSFC. The stated purpose of the OSFC is to "provide financial assistance to school districts for the acquisition or construction of classroom facilities in accordance with sections 3318.01 to 3318.31 of the Revised Code." *Id.* According to the agreement, the total budget for the

2.

project was $19,465,053.  The state was to pay $7,007,419 and the district was to pay $12,457,634.

{¶ 5}  On April 23, 2015, appellants filed a "verified complaint for declaratory judgment and preliminary and permanent injunction" seeking to enjoin performance under the agreement with the OSFC.  Appellants argued that the district and OSFC were acting outside of their statutory authority.  Citing R.C. 3318.05, appellants noted that the district voters were not given a chance to approve the ballot measures necessary to generate the district's portion of the project's cost.  Appellees filed motions to dismiss arguing appellants lacked standing.  The trial court agreed and dismissed the complaint.  Appellants now appeal setting forth the following assignment of error:

> I.  The trial court erroneously held that voters lack standing to seek judicial vindication of their own alleged voting rights through an injunction action.

{¶ 6}  Despite the many issues this case may raise regarding the application of R.C. 3318, the statute governing school facilities and state financial assistance, our review for purposes of this appeal is strictly limited to the question of whether appellants had standing to seek declaratory and injunctive relief against appellees.

{¶ 7}  The issue of standing concerns "whether the party has alleged such a personal stake in the outcome of the controversy, as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed

3.

as capable of judicial resolution." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, syllabus.

{¶ 8} "A person has standing to sue only if he or she can demonstrate injury in fact, which requires showing that he or she has suffered or will suffer a specific, judicially redressible injury as a result of the challenged action." *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City School Dist. Bd. of Edn.,* 188 Ohio App.3d 395, 2010-Ohio-1826, 935 N.E.2d 861, ¶ 9 (9th Dist.), quoting *Fair Hous. Advocates Assn., Inc. v. Chance,* 9th Dist. Wayne No. 07CA0016, 2008-Ohio-2603. *See also Engineering Technicians Assn. v. Ohio Dept. of Transp.*, 72 Ohio App.3d 106, 110-111, 593 N.E.2d 472 (10th Dist.1991).

{¶ 9} Appellants contend that by entering into the project agreement with OSFC, the district effectively disenfranchised them as electors. Appellants contend that an election is required before the district can enter into a project agreement. Appellants, therefore, claim they have standing based on their status as disenfranchised electors.

{¶ 10} Appellees disagree that they were required to go to the voters before entering into the agreement/contract with OSFC. This is because of R.C. 3318.084(A)(1) authorizes the district to use Certificates of Participation to raise money for its local share of a school construction project.

4.

(A) Notwithstanding anything to the contrary in Chapter 3318 of the Revised Code, a school district board may apply any local donated contribution toward any of the following:

(1) The district's portion of the basic project cost of a project under either sections 3318.01 to 3318.20 or sections 3318.40 to 3318.45 of the Revised Code to reduce the amount of bonds the district otherwise must issue in order to receive state assistance under those sections; R.C. 3318.084.

{¶ 11} Here, the district was successful in selling enough Certificates of Participation to cover their portion of the project's cost. Thus, there was no need to put a bond issue before the voters so appellants are not "disenfranchised electors."

{¶ 12} We are left with appellants' complaint for declaratory and injunctive relief. Appellants are attempting to enjoin performance on a contract. Appellants are not parties to this contract, nor can they demonstrate redressible injury. As such, they lack standing to bring an action for declaratory and injunctive relief. Appellants' sole assignment of error is not well-taken.

{¶ 13} The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement affirmed.

Victor Shuerman, et al. v.
Board of Education, Eastwood
Local School District, et al.
WD-15-044

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____
                                                                JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.                _____
CONCUR.                                                    JUDGE

                                                          _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.